# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELAWRENCE FOGGY #B84899, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 16-cv-1171-JPG<br>)<br>) |
| AMANDA FISHER,<br>GREG NESTER,<br>CAHOKIA POLICE DEPARTMENT, | )<br>)<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff DeLawrence Foggy, an inmate in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and release from prison. Plaintiff's claims stem from an incident on August 1, 2013 wherein Plaintiff fled from officers working for the Cahokia Police Department and his subsequent prosecution for offenses related to that incident. In connection with these claims, Plaintiff sues Amanda Fisher (prosecutor), Greg Nester (public defender), and the Cahokia Police Department. Plaintiff seeks monetary damages and release from prison.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

This action does not survive preliminary review under the above standard.

### The Complaint

The constitutional violations alleged in the Complaint stem from an incident on August 1, 2013 wherein Plaintiff fled from officers working for the Cahokia Police Department. (Doc. 1, p. 5). According to the Complaint, On August 1, 2013, Plaintiff was driving in his vehicle when a Cahokia police officer pulled him over. *Id*. When the officer approached Plaintiff's vehicle, Plaintiff drove away. *Id.* Plaintiff drove away because he had previously experienced racial profiling and feared for his life. *Id.* During the pursuit, the Cahokia Police Department put spikes in the road, causing Plaintiff's vehicle to flip. *Id.* Plaintiff was taken to the hospital and subsequently transferred to the county jail. *Id.* Sometime after fleeing from police, Plaintiff was

arrested and prosecuted in relation to the incident or incidents that occurred on August 1, 2013. (Doc. 1, pp. 5-6).

In connection with his arrest and prosecution for the events occurring on August 1, 2013, Plaintiff contends the Cahokia Police Department submitted a police report that contained falsehoods. (Doc. 1, p. 5). Plaintiff contends that Fisher, the prosecutor handling his case, lied to the Court in connection with his prosecution. (Doc. 1, p. 6). As such, Plaintiff contends his prosecution was bogus, malicious, and premised on racial discrimination. *Id*. Plaintiff additionally alleges that his public defender, Nester, violated his constitutional rights by failing to properly investigate his case. *Id.*

Plaintiff does not state the crime for which he was convicted or the date of his conviction. However, as noted above, Plaintiff alleges his constitutional claims relate to an incident or incidents occurring on August 1, 2013 wherein Plaintiff fled from police officers working for the Cahokia Police Department. According to the publically-accessible internet website maintained by the Illinois Department of Corrections and St. Clair County court records,[1] Plaintiff is currently serving sentences on three St. Clair County convictions for resisting a peace officer, aggravated battery/peace officer, and aggravated fleeing subsequent offense. These three convictions relate to conduct that occurred on August 1, 2013 (identified as the date of offense) involving the Cahokia Police Department (identified as the arresting agency). *See* St. Clair County Circuit Court No. 13-cf-1192.[2]

---

[1] The court may take judicial notice of matters of public record in ruling on a motion under Rule 12(b)(6). *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Because the same standards govern the review of a prisoner's complaint under 28 U.S.C. § 1915A to determine whether it states a claim upon which relief may be granted, *see Wynn*, 251 F.3d at 591-92; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir.2000), the court presumably may do so here.

[2] Plaintiff is also serving sentences for two St. Clair County convictions for use of a forged credit/debit card (under $300). These two convictions stem from an incident or incidents that occurred on August 13, 2012. See St. Clair County Circuit Court No. 13-cf-1148.

## **Discussion**

The Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 –** The Cahokia Police Department lied and/or fabricated evidence used to prosecute the Plaintiff, in violation of the Fourteenth Amendment

**Count 2 –** Fisher lied and/or fabricated evidence used to prosecute the Plaintiff, in violation of the Fourteenth Amendment

**Count 3 –** Nester failed to adequately investigate Plaintiff's case, in violation of Plaintiff's constitutional rights

**Section 1983 or Habeas**

As an initial matter, this Court must independently evaluate the substance of Plaintiff's claims to determine if the correct statute—in this case 42 U.S.C. § 1983—is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). Plaintiff seeks both monetary damages and release from custody. Monetary relief is available under § 1983, but release from custody is not.

To the extent Plaintiff challenges the fact of his confinement and seeks release, he should have filed a petition for a writ of habeas corpus. *See Preiser*, 411 U.S. at 500. Accordingly, Plaintiff's request for release from custody will be dismissed from this action. However, the dismissal does not preclude Plaintiff from filing a separate state or federal habeas action, if he

4

wishes to pursue this request for relief. Before doing so, however, Plaintiff must exhaust his state court remedies, unless he can demonstrate cause and prejudice. *See* 28 U.S.C. § 2254(b)(1). The Courts proceeds with its analysis of Plaintiff's claims for monetary damages against Defendants based on their alleged violations of Plaintiff's federal constitutional rights.

**Count 1**

*Whitlock v. Brueggmann*, 682 F.3d 567, 580 (7th Cir. 2012) makes clear that "a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way." Accordingly, Plaintiff *may* have a viable § 1983 claim against the officer or officers that fabricated evidence or lied in relation to Plaintiff's convictions. However, Plaintiff does not name any individual officer or officers in connection with these claims. Rather, Plaintiff names the Cahokia Police Department. A police department is not a suable entity apart from the city which operates it. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). In order to proceed with respect to Count 1, Plaintiff either must sue an appropriate legal entity, *see Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), or an individual or individuals who "caused or participated in alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Normally, the Court would allow Plaintiff an opportunity to file an amended complaint naming an appropriate defendant with respect to Count 1. However, at this time, no amendment could overcome the bar announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Pursuant to *Heck,* a plaintiff cannot bring civil claims that would call into question the integrity of a conviction or sentence until the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid on habeas review. *Id.* Alleging that officers

fabricated evidence used to prosecute the Plaintiff goes to the heart of Plaintiff's underlying state court convictions. Plaintiff does not allege that the subject convictions have been overturned. Further, this Court's independent research of public records indicates Plaintiff is presently incarcerated on convictions pertaining to offenses occurring on August 1, 2013 – the convictions that appear to be at issue in the Complaint. Because the underlying convictions remain valid, Count 1 is *Heck*-barred as to any defendant that might be named by Plaintiff. As long as the underlying convictions remain valid, any amendment with respect to Count 1 would be futile.

In summary, Count 1 shall be dismissed with prejudice as to the Cahokia Police Department for failure to state a claim upon which relief can be granted because the Cahokia Police Department is not suable under § 1983. The Court will not grant leave to amend because Count 1 is *Heck*-barred and, at this time, any amendment would be futile. With the exception of claims against the Cahokia Police Department, the above does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

**Count 2**

"Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). Whether an individual "is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of the plaintiffs' claims" because a "prosecutor only enjoys absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.' " *Id*. at 318 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Therefore, "immunity may not apply when a prosecutor is not acting as an officer of the court, but is instead engaged in other tasks, say, investigative or

6

administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009). For instance, a prosecutor involved in a conspiracy to target a criminal suspect is not protected by absolute immunity, *see Johnson v. Dossey*, 515 F.3d 778, 783 (7th Cir. 2008), nor is a prosecutor who manufactures evidence when acting in an investigatory role. *See Whitlock v. Brueggmann*, 682 F.3d 567, 580 (7th Cir. 2012).

Thus, Plaintiff *may* have a viable § 1983 claim against Fisher. Given the scant facts alleged in the Complaint it is difficult to evaluate whether the alleged fabrications occurred while Fisher was acting within the scope of her prosecutorial duties. Regardless, even assuming Plaintiff has stated a viable § 1983 claim as to Fisher, Count 2 is subject to dismissal without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (for the same reasons articulated with respect to Count 1).

Accordingly, Count 2 shall be dismissed as *Heck*-barred. The dismissal will be without prejudice and will not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

**Count 3**

A party may not sue his attorney for legal malpractice in a civil rights suit. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). This principle holds true even if that attorney was a court-appointed attorney and employed by the state. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir.1995).

Accordingly, Plaintiff's claims against Nester, his court-appointed attorney, do not articulate a federal constitutional claim under § 1983 and **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

7

**Motion to Amend**

Plaintiff has filed a Motion to Amend. (Doc. 5). Plaintiff seeks leave to file an amended complaint naming Judge Robert B. Haida as a defendant. *Id.* According to the Motion to Amend, Judge Haida was the "Judge on [Plaintiff's] case." *Id.*

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, it is appropriate to deny a motion for leave to amend when an amendment would be futile because it could not withstand a motion to dismiss. *See, e.g., Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). The judge presiding over Plaintiff's underlying convictions is immune from damages. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges, being sued solely for judicial acts, are protected by absolute judicial immunity); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.2001) (same). As such, allowing the proposed amendment would be futile.

Accordingly, the Motion to Amend (Doc. 5) shall be **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (Doc. 5) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** with prejudice as to the **CAHOKIA POLICE DEPARTMENT** for failure to state a claim upon which relief can be granted because the **CAHOKIA POLICE DEPARTMENT** is not suable under § 1983. The Court declines to grant leave to amend to name an appropriate defendant because Count 1 is *Heck*-barred and, at this time, any amendment would be futile. With the exception of claims against the Cahokia Police Department, the above does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice as *Heck*-barred. The dismissal of this claim does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the entire action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted and/or as *Heck*-barred.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997)

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur

another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 8, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**
